UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY LIZOTTE,

    Plaintiff,

    v.

PRAXAIR, INC.,

    Defendant/Third-Party Plaintiff,

    v.

PACIFIC CA SYSTEMS, INC.,

    Third-Party Defendant.

Case No. C07-1868RSL

ORDER DENYING MOTION FOR AN EXTENSION OF THE DISCOVERY DEADLINE

This matter comes before the Court on plaintiff's motion for an extension of the discovery deadline. Plaintiff filed his motion on December 19, 2008, which was also the deadline to conduct discovery.[1] However, the Court's Minute Order Setting Trial and Related Dates required that "[a]ll motions related to discovery must be noted on the motions calendar no later than the Friday before discovery closes pursuant to CR 7(d)(3)

---

[1] The original discovery deadline was December 7, 2008 but was extended to December 19, 2008 after the Court signed the parties' stipulation for an extension.

ORDER DENYING MOTION FOR AN
EXTENSION OF THE DISCOVERY DEADLINE - 1

1 or CR 37(a)(2)(B)." Dkt. #9 (the "scheduling order"). Therefore, plaintiff's motion was due by December 12, 2008 and was untimely.

Where, as here, a motion for an extension is made after the deadline has passed, the Court may, "for good cause," grant an extension "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). As stated in the scheduling order, the "failure to complete discovery within the time allowed is not recognized as good cause." Scheduling Order at p. 2. Plaintiff contends that he was unable to complete discovery because the parties agreed to mediate by June 2008, but defendants reneged. It is unclear how that issue supports plaintiff's failure to complete discovery six months later.[2] Moreover, defense counsel informed plaintiff's counsel on April 1, 2008, long before the discovery deadline, that defendant would not agree to mediate in June 2008. Declaration of Walter Olsen (Dkt. #72) ("Olsen Decl."), Ex. B-4.

Plaintiff also contends that defendants have been uncooperative in discovery. However, he has not shown that defendants' alleged lack of cooperation caused his failure to meet the deadline. For example, plaintiff alleges that defendants' efforts regarding subrogation "consumed the spring and summer of 2008," but he does not explain why that delayed his ability to conduct discovery months later. Olsen Decl. at ¶ 5. Plaintiff also notes that defendants belatedly produced their initial disclosures only after he filed this motion, but plaintiff should have raised that issue before the deadline to file discovery motions passed. In sum, plaintiff has not shown good cause or excusable neglect. Therefore, his motion is denied as untimely.

---

[2] The alleged agreement was contained in the parties' joint status report, in which they represented to the Court that they would mediate by June 30, 2008. The Court, however, set a mediation deadline in March 2009.

ORDER DENYING MOTION FOR AN
EXTENSION OF THE DISCOVERY DEADLINE - 2

Even if plaintiff had filed his motion in a timely manner, it would be denied. To the extent that plaintiff is seeking to compel defendants to produce discovery or make witnesses available for depositions, counsel must meet and confer before seeking an order to compel. Counsel has not satisfied the meet and confer requirement. Instead, plaintiff's counsel vaguely states, "When I requested an immediate discovery conference to discuss how each party could complete their respective discovery in light of the discovery deadline on December 19, I did not receive a substantive response from counsel. To the contrary, it was clear to me that we had either then satisfied our obligations to meet/confer or it was impossible to do so." Second Declaration of Walter Olsen (Dkt. #91) at ¶ 6. That vague statement does not identify how the request was made, what was said, or defense counsel's response.[3] Accordingly, the Court will not compel defendants to produce discovery.

Furthermore, an extension of the deadline and/or an order to compel appear unnecessary. Plaintiff's motion failed to identify what discovery he seeks to conduct or how much additional times he needs to do so.[4] His reply, for the first time, identifies the

---

[3] For example, plaintiff seeks photographs and a statement from Don Land, but does not set forth the substance of the parties' discussions, if any, about those items. Instead, plaintiff's counsel states, "Despite repeated requests, I have not received" Land's statement. Second Olsen Decl. at ¶ 14. He does not state how or when those requests were made or defendants' response.

[4] Plaintiff's attacks on defendants and their counsel and his cryptic phrases are not helpful to resolving this issue. See, e.g., Plaintiff's Motion at p. 3 ("Unfortunately, that smell never went away and it subsequently became clear that when there's smoke, there is fire no matter what the experts say; because it was then that Travelers took over this case and made it crystal clear that it set out to stop at nothing to beat Mr. Lizotte's poor family into economic and legal submission, and continued to do whatever they could think of to make his life harder, and to deny him any relief or comfort"). Instead, in future filings, plaintiff should focus on clearly identifying the issue and the relief he seeks.

ORDER DENYING MOTION FOR AN
EXTENSION OF THE DISCOVERY DEADLINE - 3

information sought and requested until January 30, 2009 to complete discovery. If plaintiff *timely* issued discovery requests before the discovery deadline, then he is entitled to complete that discovery without need to extend the discovery deadline. For example, it appears that the deposition of James Woodbridge, the President of Pacific, was noted for a date prior to the discovery deadline but was not taken because of a death in Woodbridge's family. Plaintiff may take Woodbridge's deposition after the discovery deadline. Plaintiff has not shown that defendants have denied him the opportunity to complete pending discovery. For example, although he alleges that he needs to conduct records depositions for both defendants, and noted those depositions for December 19, 2008, he does not explain what, if any, efforts he has made to follow up on those depositions. Although plaintiff requests more legible copies of some photographs, defendants have since produced them.

Finally, the Court notes that in response to defendants' motion for summary judgment, plaintiff has requested a continuance pursuant to Federal Rule of Civil Procedure 56(f) to conduct discovery. In the context of that motion, the Court will evaluate whether plaintiff has supported that request.

For all of the foregoing reasons, the Court DENIES plaintiff's motion for an extension of the discovery deadline (Dkt. #71).

DATED this 22nd day of January, 2009.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR AN
EXTENSION OF THE DISCOVERY DEADLINE - 4