UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY LIZOTTE,<br><br>  Plaintiff,<br><br> v.<br><br>PRAXAIR, INC.,<br><br>  Defendant/Third-Party Plaintiff,<br><br> v.<br><br>PACIFIC CA SYSTEMS, INC.,<br><br>  Third-Party Defendant. | Case No. C07-1868RSL<br><br>ORDER GRANTING MOTION FOR A PROTECTIVE ORDER |

This matter comes before the Court on plaintiff's motion for a protective order. Plaintiff seeks an order stating that Praxair, Inc. improperly sought to take the deposition of Don Land without providing reasonable notice and despite plaintiff's objection.[1]

---

[1] Plaintiff filed his motion on December 21, 2008, which was after the deadline for filing motions related to discovery. However, the Court finds that plaintiff had good cause to file the motion after the deadline because the conduct underlying this motion occurred after the deadline. For that reason, plaintiff could not have filed this motion sooner.

ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER - 1

A.  **Background Facts.**

Land is an eyewitness to the vehicle rollover accident. In November 2008, plaintiff informed defendants that he wanted to take Land's deposition. Ultimately, he did not do so, and instead obtained a declaration from Land and filed it with his opposition to defendants' pending motion for summary judgment. Defendants received that declaration on December 15, 2008 and the next day, they noted his deposition for December 19, 2008, which was the deadline to complete discovery. On December 17, plaintiff's counsel informed defense counsel that he was unavailable on the 19th. Defendants agreed to reschedule the deposition.[2] On December 19, Land called defense counsel and left a message stating that he was available on Monday, December 22nd. At 5:27 p.m. on Friday, December 19, defense counsel sent plaintiff's counsel an e-mail stating that he had received Land's message, tried unsuccessfully to call him back, and that his "plan is to schedule [his deposition] for 11:00 a.m." on Monday in Yakima. Declaration of Michael Jaeger, (Dkt. #89), Ex. A. Plaintiff's counsel, whose office is in Kent, responded the same evening and requested to conduct Land's and another's witness's depositions on Tuesday so counsel would only have to drive to eastern Washington once. On Saturday, defense counsel sent via e-mail an amended notice of deposition for Land for Monday, December 22 at 11:00 a.m. Plaintiff's counsel again objected to conducting the deposition on Monday. On Sunday, December 21, 2008, plaintiff filed a motion for a protective order seeking to halt the deposition.

On Monday morning at 8:41 a.m., defense counsel sent an e-mail stating, "I just

---

[2] Defense counsel promptly contacted Land on the morning of December 17 to inform him that the deposition would not go forward on the 19th. Unfortunately, Land did not get the message in time, and appeared for his deposition. Defendants have agreed to pay him for his mileage and witness fee for that day.

ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER - 2

1 spoke with Don Land. His deposition will occur today (Monday) at 11:00 a.m. It will be
2 held at my office [in Yakima]. . . . Mr. Land wants to get the deposition done, so that he
3 can free up his work schedule during the winter weather." Id.

4     Land appeared for the deposition on Monday. Plaintiff's counsel appeared by
5 phone, objected to the deposition, and instructed the witness not to answer any questions
6 because of the pending motion. The witness left the deposition and told the attorneys to
7 resolve their dispute in his absence.

8 **B.     Analysis.**

9     The Court has discretion to issue a protective order forbidding or limiting
10 discovery. Fed. R. Civ. P. 26(c)(1). The moving party must certify that he or she has
11 conferred or attempted to confer with opposing counsel prior to filing the motion. Id. In
12 this district, the parties must meet and confer in person or by telephone. In this case,
13 counsel did not meet and confer prior to filing this motion. Instead, they sent e-mails
14 back and forth regarding scheduling the deposition. Although plaintiff's counsel claims
15 to have satisfied the requirement,[3] counsel did not call each other, attempt to do so, or
16 even suggest a telephone conference over the weekend to discuss the matter. While the
17 Court recognizes that time was of the essence, counsel could have conducted a telephone
18 conference in less time than it took to draft the many e-mails they sent to each other over

---

[3] On December 16, after defendants served the original notice for Land's deposition to be conducted on December 19, plaintiff's counsel requested a telephone conference to discuss discovery issues. Defense counsel suggested that the conference occur when the parties convened for plaintiff's deposition. Plaintiff's counsel agreed. Declaration of Walter Olsen, (Dkt. #78) (un-enumerated exhibit; e-mail dated 12/16/08). That exchange never took place. Plaintiff's counsel's request to confer was made before defendants asked to take Land's deposition on December 22, so the request was not directed towards resolving that issue.

ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER - 3

the weekend. Therefore, plaintiff did not satisfy the meet and confer requirement prior to filing this motion. Nevertheless, the Court will consider the motion because it is clear that counsel cannot agree on the issue. However, the Court will deny any subsequent discovery motion filed without satisfying the meet and confer requirement.

Usually, if a party objects to an aspect of a deposition, counsel may note the objections on the record, but the deposition will proceed. Fed. R. Civ. P. 30(c)(2). In this case, however, plaintiff promptly objected to the deposition and moved to terminate it. Federal Rule of Civil Procedure 30(d)(3)(A) provides:

> At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. The motion may be filed in the court where the action is pending or the deposition is being taken. If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

Pursuant to the rule, plaintiff filed his motion objecting to the deposition. Therefore, defendants should not have attempted to proceed with the deposition while the motion was pending. Furthermore, they did not give plaintiff adequate notice of the deposition. Notice after hours on a Friday for a deposition the following Monday morning is not reasonable. The short notice was particularly unreasonable given that plaintiff's counsel informed defense counsel that he could not travel to retrieve his case files from his office due to the unusual and extensive snowstorms in the area. Defendants argue that they acted reasonably because the witness suggested the date and wanted to conduct the deposition expeditiously. While convenience to a witness is important, the witness's preference does not obviate counsel's obligation to comply with the Court's rules and provide reasonable notice to the other parties. For all of those reasons, defendants should not have proceeded with Land's deposition on December 22, 2008. Accordingly, plaintiff's motion for a protective order (Dkt. #81) is GRANTED.

Having granted the motion, the Court turns to several remaining issues. Plaintiff requests several forms of relief. First, he requests an order extending the discovery deadline and compelling defendants to produce certain discovery. However, that issue was presented in plaintiff's motion to extend the discovery deadline and is addressed in the Court's order regarding that motion. Second, plaintiff requests that the Court award Land his expenses and lost wages for the two failed depositions. Land has not moved for that relief, and plaintiff and his counsel lack standing to pursue that relief on his behalf. Defendants have already agreed to provide Land with witness fees and mileage reimbursement. Third, plaintiff requests that the Court prohibit defendants from taking Land's deposition. Land is a key witness in this case, and precluding defendants from taking his deposition is too harsh a sanction. Rather, defendants may take his deposition at a time that is convenient for plaintiff and for Land. They should schedule the deposition so as to minimally disrupt Land's personal and work schedules.

Fourth, plaintiff seeks an award of his attorney's fees for filing this motion. Federal Rule of Civil Procedure 30(d)(3)(C) states, "Rule 37(a)(5) applies to the award of expenses." Rule 37 states that a "court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The rule further states that the "court must not order this payment if (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action." Fed. R. Civ. P. 37(a)(5)(A)(i). In this case, plaintiff filed the motion before discussing the matter with opposing counsel. Accordingly, he is not entitled to recover his fees and costs under Rule 37.

Finally, the Court notes that even though it is not imposing sanctions, defense

counsel's conduct was unacceptable.  It was extremely discourteous and unprofessional to try to force a deposition with virtually no notice to opposing counsel and despite the hazards presented by the weather.  Their conduct also wasted the witness's time and burdened him unnecessarily.  Furthermore, although counsel previously resolved discovery issues amicably, their tone and posture in their recent communications have been increasingly confrontational.  Counsel are reminded that the Introduction to the Local Civil Rules states, "[T]he judges of this district are very concerned about professionalism among attorneys, especially in the conduct of discovery.  The judges of this district expect a high degree of professionalism from the lawyers practicing before them."  The Court expects a much higher level of courtesy, cooperation, and professionalism than is evidenced by the communications and conduct regarding this deposition.

    DATED this 22nd day of January, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR A PROTECTIVE ORDER - 6