UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY LIZOTTE,

    Plaintiff,

  v.

PRAXAIR, INC.,

    Defendant/Third-Party Plaintiff,

  v.

PACIFIC CA SYSTEMS, INC.,

    Third-Party Defendant.

Case No. C07-1868RSL

ORDER GRANTING DEFENDANT'S MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION *IN LIMINE*

## I. INTRODUCTION

This matter comes before the Court on two motions: defendant Praxair's motion to strike a report prepared by Rimkus Consulting Group, Inc. (Dkt. #51) and plaintiff's motion *in limine* to admit the report (Dkt. #55). For the reasons set forth below, the Court grants defendant's motion to strike and denies plaintiff's motion *in limine*.[1]

## II. BACKGROUND

Plaintiff was driving a truck for Pacific CA Systems, Inc. ("Pacific"), a trucking company

---

[1] Because the current motion can be decided on parties' memoranda, supporting documents, and the remainder of the record, plaintiff's request for oral argument is denied.

ORDER GRANTING MOTION TO STRIKE;
DENYING MOTION IN LIMINE- 1

that had a contract to haul a load for Praxair, Inc. ("Praxair"), when he was involved in a single vehicle rollover accident. Plaintiff contends that a defect in Praxair's trailer caused the accident. Defendant Praxair contends that plaintiff caused the accident by driving too fast and overloading the trailer.

St. Paul Travelers Insurance Company ("Travelers") insured Pacific, the owner of the truck, at the time of the accident. Travelers retained the Rimkus Consulting Group, Inc. ("Rimkus Group") to prepare a report analyzing whether the trailer axles caused or contributed to the accident (the "report" or "Rimkus report"). The parties have since agreed that Travelers will indemnify Praxair and Pacific for any damages caused by the accident. Plaintiff now seeks to introduce the report in support of his claim against Praxair.

### III. ANALYSIS

**A. Role of the Parties**

Plaintiff intends to rely heavily on the report at trial. Its admissibility turns in large part on the relationship between Travelers, Pacific, and Praxair. For this reason, the Court addresses the parties' respective roles first. Plaintiff's claim and motion involve only defendant Praxair. Plaintiff has not filed a complaint against Pacific, and Pacific's role as a third party defendant is limited to its action with Praxair. Plaintiff asks the Court to acknowledge that Travelers and Pacific are the "true parties in interest to this lawsuit," but has cited no authority to support his position that the report's admissibility turns on the actions of Pacific or Travelers. Plaintiff's Reply at p. 4. Accordingly, this order only determines the report's admissibility against defendant Praxair.

**B. Authentication**

In its order denying plaintiff's motion for partial summary judgment (Dkt. #47), the Court noted that plaintiff's copy of the report was unauthenticated. Since then, plaintiff has not provided the Court with an authenticated copy. Fed. R. Evid. 901(a) establishes that authentication is a condition precedent to admissibility: "[t]he requirement of authentication or

1 identification as a condition precedent to admissibility is satisfied by evidence sufficient to
2 support a finding that the matter in question is what its proponent claims." Because plaintiff has
3 not authenticated the report, it is inadmissible.

**C. Hearsay and Party Admission**

Plaintiff offers the report for the truth of the matter asserted, and would offer it for that purpose at trial. See Fed. R. Evid. 801(c). In his motion *in limine*, plaintiff essentially concedes that the report is hearsay. See Lizotte's Motion at 3. Plaintiff argues the report is a party admission under Fed. R. Evid. 801(d)(2), an exception to the hearsay rule. The Rimkus report, however, does not qualify as a party admission against Praxair under any of the five subsections of Fed. R. Evid. 801(d)(2).

Under Fed. R. Evid. 801(d)(2)(A), a party's own statement, in either an individual or representative capacity, may be offered against that party as an admission. The Rimkus report was prepared for Travelers, Pacific's insurance company at the time of the accident. The Rimkus Group never represented Praxair. The report cannot be construed as an admission by Praxair simply because Travelers now indemnifies both Pacific and Praxair.

Fed. R. Evid. 801(d)(2)(B) establishes that a third person's out of court statement is a party admission if the party, by words or conduct, manifests his or her adoption of its truth. Plaintiff provides no authority or analysis to explain how FRE 801(d)(2)(B) applies against Praxair. Instead of adopting it, Praxair disputes the contents of the report. See Declaration of Michael Jaeger (Dkt. #62) at ¶¶ 5, 6. Even if the Court acknowledges that Pacific or Travelers provided plaintiff with a copy of the report and, for argument's sake, assumes that Pacific's distribution constitutes an adoption of its truth, plaintiff still does demonstrate why this act establishes an admission against Praxair. See Declaration of Larry Lizotte (Dkt. #25) at ¶ 3.

Third, under Fed. R. Evid. 801(d)(2)(C), a statement by a person authorized to make a statement may be a party admission. The proponent must offer evidence sufficient to support a finding of requisite authority by a preponderance of the evidence. See Fed. R. Evid. 801(d)(2),

Adv. Comm. Notes (1997). Plaintiff correctly states that expert testimony constitutes an authorized admission of a party, citing In re Hanford Nuclear Reservation Litigation, 534 F.3d 986, 1016 (9th Cir. 2008) (upholding trial court's denial of plaintiff's motion to exclude expert testimony that she proffered at a previous trial). However, Hanford only addresses expert testimony, sworn at trial or a deposition. In its Hanford analysis, the Ninth Circuit cited Glendale Fed. Bank, FSB v. United States, 39 Fed. Cl. 422, 425 (1997), a federal claims court decision establishing that the start of trial represents the critical juncture in determining when an expert is authorized to make an admission for a party. If an expert does not testify at trial, then the court assumes the expert is not authorized to reflect the position of the party that retained him or her. Id. The Rimkus report is not testimony. The report's authors did not testify at a deposition. Plaintiff provides no evidence that defendant Praxair intends to offer the Rimkus report or its authors at trial. Accordingly, under Hanford and Glendale, retention without testimony is not enough. The report is not admissible against Praxair as a party admission by someone authorized to make a statement.

Fed. R. Evid. 801(d)(2)(D) establishes that a statement by a party's agent, concerning a matter within the scope of agency or employment, and made during the relationship may be offered against the party as a vicarious admission. The proponent of the evidence has the burden of proving the foundational agency requirement by a preponderance of the evidence. United States v. Chang, 207 F.3d 1169, 1177 (9th Cir. 2000). Plaintiff provided no analysis to support a finding that the Rimkus Group acted as an agent or servant for Praxair as required under Fed. R. Evid. 801(d)(2)(D). Furthermore, the timing and preparation of the report and its disclosure do not support this assertion. Travelers was not Praxair's agent at the time of the accident or when the report was prepared.

Finally, Fed. R. Evid. 801(d)(2)(E) establishes that a statement is not hearsay if offered against a party and if made by a conspirator of a party during the course and in furtherance of the conspiracy. The Court must make an initial determination that a conspiracy exists by a

preponderance of the evidence. Bourjaily v. United States, 483 U.S. 171, 176 (1987). Plaintiff claims that Pacific, Praxair, and the report's author, Dale Fridley, conspired to bury the report, and as proof states that a conspiracy is self-evident. This Court finds it is not. While a conspiracy can be inferred from conduct, this court is unwilling to infer Mr. Fridley's intentional participation in a conspiracy. See Declaration of Dale Fridley (Dkt. #25) at ¶ 4 ("Our involvement in this matter concluded back in 2006"). Even if the Court inferred a conspiracy, plaintiff has not shown that the report was made during the requisite time frame. The report, dated September 22, 2006, precedes the inception of the alleged conspiracy - a settlement agreement in August 2008. Plaintiff alleges that the purpose of the conspiracy is to bury the cause of the accident. Yet to constitute a party admission, the statement must be made in furtherance of the conspiracy. A report that analyzes the cause of the accident does not advance the conspiracy's objective – it hinders it. For these reasons, the report is not admissible as a statement of a co-conspirator, and fails as a party admission under all five subsections of Fed. R. Evid. 801(d)(2). The report and the statements therein are hearsay and inadmissible. See Fed. R. Evid. 801(c).

**D. Judicial Estoppel**

Plaintiff alleges that defendant Praxair is judicially estopped from arguing for the report's exclusion because Pacific and Travelers relied on the report during the "Yakima action."[2] The doctrine of judicial estoppel remains unsettled. The majority of circuits recognizing the doctrine hold that it is inapplicable unless the inconsistent statement was actually adopted by the court in earlier litigation. See, e.g., Morris v. California, 966 F.2d 448, 453 (9th Cir. 1991). The minority view, in contrast, holds that the doctrine applies even if the litigant was unsuccessful in asserting the inconsistent position, if by his change of position he is playing "fast and loose"

---

[2]Plaintiff refers simply to a previous "Yakima action." The Court assumes plaintiff refers to Pacific's suit against Praxair in the Eastern District of Washington, entitled Pacific CA Systems, Inc. v. Praxair, Inc., No. 07-3007 (E.D. Wash. filed Sept. 5, 2007).

ORDER GRANTING MOTION TO STRIKE;
DENYING MOTION IN LIMINE- 5

with the court. Id. (citations and quotations omitted). In either case, the purpose of the doctrine is to protect the integrity of the judicial process. The Ninth Circuit has not explicitly decided whether to follow the "majority" or "minority" view. However it has declined to apply judicial estoppel, without discussing the existence of the two approaches, because the court in the prior action had not adopted the inconsistent position. Masayesva for and on Behalf of Hopi Indian Tribe v. Hale, 118 F.3d 1371, 1382 (9th Cir. 1997). In this case plaintiff fails under both approaches. Under the majority view, estoppel is improper because Pacific and Praxair settled their dispute, and plaintiff cites no examples of the court's reliance. Under the minority view, estoppel is unwarranted because Praxair's conduct cannot be deemed "fast and loose." Praxair has consistently argued for the exclusion of the report and asserts it never intended to rely on the report in current or prior proceedings. Judicial estoppel analysis focuses on the inconsistency of the party's position in litigation. While Pacific or Travelers may have changed its position, Praxair's consistent opposition to the report in no way amounts to playing "fast and loose" with the court. The defendant is not estopped from arguing for the report's exclusion.

Both parties present arguments as to the report's work product status. It is unnecessary for the Court to address the work product claim because plaintiff's failure to authenticate the report and its status as hearsay warrant the report's exclusion.[3]

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion in limine (Dkt. #55) and GRANTS defendant's motion to strike (Dkt. #51). Plaintiff may not introduce the

---

[3] Praxair also seeks an order precluding plaintiff from calling the report's author to testify at trial. Plaintiff did not address that issue, apparently conceding that if the report is inadmissible, he may not call the report's author to testify. Morever, the report's author is a consulting expert and pursuant to Fed. R. Civ. P. 26(b)(3)(B) and 26(b)(4)(B), plaintiff may not call him to testify.

ORDER GRANTING MOTION TO STRIKE;
DENYING MOTION IN LIMINE- 6

Rimkus report at trial or call its author to testify at a deposition or trial.[4]

DATED this 3rd day of March, 2009.

*MW S Lasnik*
Robert S. Lasnik
United States District Judge

---

[4] The Court also notes that the findings and conclusions in this order, like all rulings *in limine*, are preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. See, e.g., Luce v. United States, 469 U.S. 38, 41 (1984) (explaining that a ruling *in limine* "is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). Subject to these principles, the Court issues this ruling for the guidance of the parties.

ORDER GRANTING MOTION TO STRIKE;
DENYING MOTION IN LIMINE- 7