UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LARRY LIZOTTE,

    Plaintiff,

    v.

PRAXAIR, INC.,

    Defendant/Third-Party Plaintiff,

    v.

PACIFIC CA SYSTEMS, INC.,

    Third-Party Defendant.

Case No. C07-1868RSL

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING REQUEST FOR CONTINUANCE

## I. INTRODUCTION

This matter comes before the Court on a motion for partial summary judgment as to liability filed by defendant Praxair, Inc. ("Praxair" or "defendant"). Plaintiff was driving a truck for Pacific CA Systems, Inc. ("Pacific"), a trucking company that had a contract to haul a load for Praxair, when he was involved in a single vehicle rollover accident near Vernal, Utah in July 2006. Plaintiff contends that the accident was caused by a defect in the trailer, which was owned by Praxair. Defendant contends that the

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT;
DENYING REQUEST FOR CONTINUANCE - 1

1 accident was caused by plaintiff's excessive speed and overloading of the vehicle.
2 Defendant also notes that it had the trailer completely refurbished approximately six
3 months prior to the accident, so it was in "like new"[1] condition.

For the reasons set forth below, the Court grants Praxair's motion.[2]

## II. DISCUSSION

**A. Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from

---

[1] A. Kelly Dep. at p. 29.

[2] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, Praxair's request for oral argument is denied.

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT;
DENYING REQUEST FOR CONTINUANCE - 2

1 which a reasonable jury could return a verdict in its favor." Id. at 1221.

**B.    Analysis.**

  **1.    Choice of Law.**

As an initial matter, the Court must determine which state's laws apply. Because this is a diversity action, the Court must "look to the laws of the forum state to resolve issues regarding conflict of laws." Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). Washington has adopted the "most significant relationship" test as set forth in the Restatement (Second) of Conflict of Laws § 145 (1971), to determine which state's law applies to a particular issue. See, e.g., Rice v. Dow Chemical Co., 124 Wn.2d 205, 210 (1994). The test states, "The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6." Id. at 213 (quoting the Restatement (Second) of Conflict of Laws § 145(1)). "Contacts to be taken into account in applying the principles of § 6 . . . include (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, (d) and the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws § 145. Although there is a presumption that the law of the place where the injured occurred applies in personal injury cases, "this presumption is overcome if another state has a greater interest in the determination of a particular issue." Zenaida-Garcia v. Recovery Sys. Tech., Inc., 128 Wn. App. 256, 261-62 (2005). In this case, plaintiff resides in Washington, and Praxair is an out of state corporation. The injury occurred in Utah. Based on that fact and because none of the factors weighs heavily in favor of applying the law of another state, the Court

finds that Utah law applies. Plaintiff has previously argued that the Court should apply Utah law.[3]

**2. Negligence Analysis.**

Pursuant to Utah law, plaintiff must establish the elements of duty, breach, causation, and damages. See, e.g., Rocky Mountain Thrift Stores v. Salt Lake City Corp., 887 P.2d 848, 851 (Utah 1994). The level of reasonable care is "'that which ordinary, reasonable and prudent persons would have observed under such circumstances.'" See, e.g., Solorio v. United States, 228 F. Supp. 2d 1280, 1283 (D. Utah 2002) (quoting Hadley v. Wood, 9 Utah 2d 36 (Utah 1959)). A defendant may be found negligent only if he acted or failed to act in such a way that it "should have foreseen was subjecting others to an unreasonable risk of harm." Id.

Through much of this litigation, plaintiff has contended that Praxair was negligent because a leaf spring failed. Plaintiff has apparently abandoned that argument and his memorandum does not mention that theory. Even if plaintiff had not abandoned that theory, it would fail because he has not presented any admissible evidence to show that a leaf spring failed and caused the accident, or that Praxair was negligent with regard to maintaining the leaf springs. Moreover, Praxair had all of the leaf springs replaced with new springs approximately six months before the accident. Declaration of Terry Sears, (Dkt. #35) ("Sears Decl.") at ¶¶ 2-5. The parts were provided by a reputable company. Id. at ¶ 2.

Plaintiff now contends that the accident was caused by a rusty weld-seam on the

---

[3] The choice of law is largely irrelevant because the elements of negligence are the same under Utah and Washington law.

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT;
DENYING REQUEST FOR CONTINUANCE - 4

hanger,[4] which fractured and separated from the trailer before the rollover. Plaintiff contends that "[b]ased on the corrosion and length of the fractured weld seam on the hanger, Praxair either knew or should have known that the fractured hanger was not replaced as part of the re-furb, or was defectively replaced." Plaintiff's Opposition at p. 3. Although plaintiff cites to the declaration of Donald Land in support, Land does not state that Praxair should have known of any defects. Rather, he states that after the accident, he observed that a "fractured weld seam on the bottom of the axle pad was rusty and shorter than the weld seams on the bottom of the other axle pads to the trailer." Declaration of Donald Land, (Dkt. #64) at ¶ 7(i). Land opines that the accident was caused by the failed weld.[5] Id. at ¶ 8. Assuming the truth of Land's observation, his declaration does not state, as plaintiff alleges, that Praxair should have known that the hanger was faulty. Neither he nor any other witness has stated that any problems with the hangers were visible or should have been detected prior to the accident. In fact, during his deposition, Land explained that he did not know whether the weld broke during the accident or before it occurred. Land Dep. at p. 104.

Plaintiff also argues that the fracture in the weld was foreseeable because once in the last ten years, the maintenance supervisor observed a cracked hanger. A. Kelly Dep. at p. 50; see also Hyatt Dep. at pp. 12-14 (explaining that he had seen two cracked hangers while with the company; both were repaired). Those isolated cracks, involving different trailers, do not show that this accident was foreseeable.

---

[4] A hanger is welded to the frame of a trailer. A. Kelly Dep. at p. 17.

[5] Although Land has driven trucks for approximately thirty years, he has no specialized training in accident reconstruction, accident investigation, or metallurgy. Land Dep. at p. 106.

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT;
DENYING REQUEST FOR CONTINUANCE - 5

Furthermore, the trailer was recently refurbished then inspected several times. A Praxair subsidiary, Amko Services, Inc. ("Amko"), performed "a complete rehab" of the trailer approximately six months prior to the accident in January 2006. Sears Decl. at ¶ 2. Amko's invoice showed that it replaced all four hangers. Id., Ex. 2; see also A. Kelly Dep. at pp. 48-49. Plaintiff speculates that the work was not actually performed or was performed improperly. That claim is unsupported. It is also undermined by the fact that after refurbishing the trailer, Amko completed a Department of Transportation ("DOT") annual inspection of the vehicle, including the frame and suspension parts, checked the hangers for cracked, broken or missing parts, and certified that they were "OK."[6] Sears Decl., Ex. 3. After receiving the refurbished trailer, Praxair's maintenance supervisor inspected the trailer, including the hangers and welds, to ensure that the trailer was "DOT safe to go down the road." A. Kelly Dep. at pp. 33-35. A senior driver also test drove the trailer after the refurbishment to ensure safety. Id. at pp. 51-53. Furthermore, Praxair's maintenance supervisor explained that drivers conduct a pre-trip inspection of the trailers. Id. at p. 53. A pre-trip inspection can detect cracks in the suspension system. Hyatt Dep. at p. 13. Plaintiff conducted the pre-trip investigation of the trailer in this case, and "said the trailer was in good condition when he left." A. Kelly Dep. at p. 21.

Plaintiff has offered no evidence to show that Praxair should have done more to ensure that the trailer was safe. In light of the undisputed facts, plaintiff has not shown

---

[6] Even if Amko's work was defective, plaintiff has not shown that Praxair should have known that the hangers were faulty. See, e.g., Leininger v. Stearns-Roger Mfg. Co., 17 Utah 2d 37, 41 (1965) (upholding dismissal of negligence claim on summary judgment where "there was nothing to put the defendant contractor on inquiry or notice so as to impose upon it the duty of completely dismantling the fans and analyzing all of their components to ascertain if, perhaps, they harbored some remotely possible unsuitable component that rendered them unsafe for their intended use").

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT;
DENYING REQUEST FOR CONTINUANCE - 6

that the accident was foreseeable or that Praxair breached its duty.

### 3. Rule 56 Continuance to Conduct Discovery.

Plaintiff requests that Court grant him a continuance pursuant to Federal Rule of Civil Procedure 56(f) to conduct additional discovery. Specifically, plaintiff seeks to present the following additional information: (1) color photographs taken by Land of the accident scene; (2) excerpts from the deposition of Pacific's President and Secretary/Treasurer which include any investigation of the speed of the truck at the time of the rollover; (3) a copy of a "3-ring binder which addresses the cause of the rollover, and may include a copy of the disputed Rimkus report;" and (4) a color photograph of the truck's speedometer. Plaintiff has received items 1, 3, and 4, so his request for an extension to submit those items is denied.

Moreover, plaintiff has not identified how any of the materials will defeat the motion for summary judgment. See, e.g., Qualls v. Blue Cross of California, 22 F.3d 839, 844 (9th Cir. 1994). To the extent that they address the excluded Rimkus report or the speed of the truck, they are irrelevant for purposes of this motion. Plaintiff has not explained how any of the information will show that the accident was foreseeable or that Praxair otherwise breached its duty to plaintiff. Accordingly, plaintiff's Rule 56(f) request is denied.

## III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS Praxair's motion for partial summary judgment (Dkt. #49). Within ten days of the date of this order, the parties must

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT;
DENYING REQUEST FOR CONTINUANCE - 7

file a joint status report setting forth what, if any, claims remain in this case.

DATED this 6th day of March, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR
PARTIAL SUMMARY JUDGMENT;
DENYING REQUEST FOR CONTINUANCE - 8